```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
HUDSON   TECHNOLOGIES,   INC.;   HUDSON :
TECHNOLOGIES COMPANY, F/K/A ASPEN       :
REFRIGERANTS, INC.                      :  Case No. 1:21-CV-00297 (JPO)
                        Plaintiffs      :
                                        :
v.                                      :
                                        :
RGAS, LLC,                              :  MAY 14, 2021
                                        :
                        Defendant.      X
------------------------------------------------------------
```

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

It is hereby ordered by the Court that the following shall apply to information, documents and excerpts from documents supplied by the parties to each other as initial disclosures and in response to discovery requests:

1. Counsel for any party, including any third-party, may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such document or information contains a trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), by labeling the document or information "CONFIDENTIAL." Such designations will be made only in good faith and not with intent to harass or cause unnecessary motion practice or discovery disputes. This Order refers to such "confidential" information or documents collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action in which this Order issued, including as authorized under section 12. The party producing the confidential information,

however, may use that information without limitation. This order does not restrict the use of information or documents obtained from any source other than the producing party.

3. A receiving party may submit a request in writing to the producing party that a confidential designation be modified or withdrawn. Such request will be made in good faith and not with an intent to harass or create unnecessary motion practice or discovery disputes. If the producing party does not withdraw the designation following the good faith meet and confer discussed below, the producing party may apply to the Court for an order that the confidential designation be maintained. If the producing party fails to do so within 15 days of the written request to withdraw the designation, the designation shall be deemed withdrawn. Upon any such application, the burden shall be on the producing party to show good cause under Fed. R. Civ. P. 26(c)(1) to restrict the use of such information. Before applying to the Court, the parties must meet and confer in good faith in an effort to resolve the matter. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

4. Nothing in this Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

5. Information or documents designated as "Confidential" shall not be disclosed to any person by the requesting party, except:

    a. The requesting party and counsel of record;

    b. Employees of such counsel (such as paralegals) assigned to and necessary to assist in the litigation of this action;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

e. The Court or the jury at trial or as exhibits to motions, subject, however, to the requirements of ¶ 12 below.

6. Before disclosing or displaying the confidential information to any person, with the exception of those persons described in 5(b) above, counsel shall: (1) inform the person of the confidential nature of the information or documents; and (2) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than litigating this action and has enjoined the disclosure of the information or documents to any other person.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(c) and (d) only on the condition that, before any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for confidential information or may designate information disclosed at deposition as confidential by notifying the other party in writing within 21 days of receipt of the transcript of the specific pages and lines which are to be designated confidential. During such 21 day period, the entire transcript shall be treated as

confidential. For convenience, the parties may agree that entire deposition transcripts shall be treated as confidential information.

9. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery will not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing as soon as it confirms such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) will be returned to the producing party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) will be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. If a party becomes aware that it has received information that it believes may be subject to the attorney work product immunity, attorney-client privilege, or other legal privilege, that party shall notify the producing party and, upon confirmation that the information is privileged or protected, shall return or destroy the material as discussed above. The parties shall have the benefit of all limitations on waiver afforded by Federal Rule of Evidence 502. Any inadvertent disclosure of privileged information will not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information will be binding on non-parties.

10. For the purpose of Paragraphs 5(e), any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such

documents. When a party intends to file documents or portions of documents marked as confidential with the Court, the filing party agrees to either file a timely motion to seal or give the producing party five days notice that it intends to file confidential information so that the producing party has sufficient time to file a motion to have the confidential information filed under seal.

11. At the conclusion of this action, the confidential information and any copies thereof shall be promptly (and in no event later than 45 days after entry of final judgment) returned to the producing party or certified as destroyed, except that counsel may retain one copy of all such material until the expiration of any applicable statute of limitations for malpractice claims associated with representation in this action, which shall be used for no other purpose than to defend against a malpractice claim, in the event that such a claim shall be filed.

12. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

_____   _____
John M. Doroghazi                Date
Counsel for Plaintiffs Hudson Technologies, Inc. and
Hudson Technologies Company, f/k/a Aspen Refrigerants, Inc.

_____   _____
Laurie Vahey                     Date
Counsel for Defendant RGAS, LLC

SO ORDERED.  Date:   May 14      , 2021

_____
J. PAUL OETKEN
United States District Judge

EXHIBIT A

Counsel has informed me that certain documents or information disclosed in connection with the matter entitled *Hudson Technologies, et. al. v. RGAS, LLC*, 1:2021-cv-00297 (S.D.N.Y.) have been designated as confidential and that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person and that I will not use any such information for any purpose other than this litigation.

_____DATED:_____

Signed in presence of:

_____

24463\23\4812-4217-2393.v1