UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

HUDSON TECHNOLOGIES, INC., *et al.*,

                         Plaintiffs,

-v-

RGAS, LLC,

                         Defendant.

21-CV-297 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

Hudson Technologies, Inc. and Hudson Technologies Company ("Plaintiffs") bring this action against RGAS, LLC ("RGAS"), alleging that RGAS breached a contract between Plaintiffs and RGAS concerning the sale of refrigerants. Now before the Court is RGAS's motion to amend its answer, which Plaintiffs oppose. For the reasons that follow, RGAS's motion is denied.

**I.  Legal Standard**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within a specific time frame provided therein. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000).

When amendment is sought after a deadline set in a scheduling order, however, the lenient standard under Rule 15(a) must be balanced against Rule 16(b)'s prescription that scheduling orders may be modified only upon a showing of good cause. *See Holmes v.*

1

*Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009); *see also* Fed. R. Civ. P. 16(b)(4) (noting that a scheduling order "may be modified only for good cause and with the judge's consent").  The determination of whether "good cause" exists under Rule 16(b) largely "turns on the diligence of the moving party."  *Holmes*, 568 F.3d at 335 (internal quotation marks omitted).  The moving party must demonstrate that "despite its having exercised diligence, the applicable deadline could not have been reasonably met."  *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012).

**II.**     **Discussion**

RGAS's proposed amended answer denies several factual allegations in the complaint that its original answer admits, and it includes a number of "separate defenses" not present in its original answer.  (*See* Dkt. No. 53-1.)  But RGAS's motion to amend its answer comes almost eleven months after the deadline that the Court set in its scheduling order.  (*See* Dkt. No. 13 at 1.)  RGAS attributes its delay in moving to amend its answer to its hiring of new counsel in January 2022.  However, "[a]s a general matter, substitution of counsel does not constitute 'good cause.'"  *Cheng v. Via Quadronno LLC*, No. 20 Civ. 8903, 2022 WL 1210839, at *4 (S.D.N.Y. Apr. 25, 2022) (citing *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19 Civ. 2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020)).  Beyond its hiring of new counsel, RGAS provides no other reasons for its untimely motion, such as learning information it could not have known at the time it filed its answer.  In fact, RGAS "proposes amendments concerning matters about which [RGAS] knew or should have known when it filed its initial Answer."  *Harris Corp. v. McBride and Assocs., Inc.*, No. 01 Civ. 106, 2002 WL 1677695, at *3 (W.D.N.Y. July 19, 2002).  That RGAS's answer contains admissions it now seeks to withdraw, and lacks references to "separate defenses" it now seeks to assert, is a result of its nondiligence, making denial appropriate.  *See, e.g.*, *Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08 Civ. 3697, 2009

2

WL 2432729, at *4 (S.D.N.Y. July 31, 2009), *objections overruled*, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010) ("[Defendant] has not shown, as it must, that it diligently sought to comply with the scheduling order, and therefore lacks the good cause necessary to grant its motion."); *Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (denying defendants' motion to amend that came four months after the deadline set in the scheduling order because the "substance of the defendants' [amendments] was known when defendants filed their original amended answer").

RGAS asserts that permitting it to amend its answer would not prejudice Plaintiffs, but that is irrelevant under Rule 16. "[While] the absence of prejudice to a nonmoving party may be relevant to leave to amend under Rule 15(a), it does not fulfill the good cause requirement of Rule 16(b)." *Est. of Ratcliffe v. Pradera Realty Co.*, No. 05 Civ. 10272, 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007). Because RGAS moved to amend after the deadline set in the Court's scheduling order, its motion is subject to the requirements of Rule 15(a) and the stricter "good cause" standard of Rule 16(b). The Court thus need not determine the extent to which RGAS's proposed amendments would prejudice Hudson under Rule 15(a) because good cause for amendment is lacking. Moreover, as RGAS acknowledges in its brief, its proposed amendments are "likely not essential in order to pursue [its] legal theories" for this case. (Dkt. No. 52 at 1.) Accordingly, the Court denies RGAS's motion to amend its answer.

**III.    Conclusion**

For the foregoing reasons, RGAS's motion to amend its answer is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 51.

SO ORDERED.

Dated: May 24, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge